IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 3200 SOUTH GRAND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-698 |
| | ) |
| | ) **JURY TRIAL REQUESTED** |
| GREAT LAKES INSURANCE, SE | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

To:     United States District for the Eastern District of Missouri, Eastern Division

Please take notice that defendant Great Lakes Insurance, SE (referred to herein as the "Removing Defendant" or "Great Lakes") hereby removes the civil action captioned *3200 South Grand, LLC v. Great Lakes Insurance, SE*, Case No. 2222-AC05005, pending in the City of St. Louis, Missouri, Associate Circuit Court, to the United States District Court for the Eastern District of Missouri. A copy of the Plaintiff's Petition filed in the City of St. Louis is attached as Exhibit A. The remaining pleadings and documents filed in the state court action are attached hereto collectively as Exhibit B.

In support of its Notice of Removal, Great Lakes states the following:

1.)     This removal is based on diversity of citizenship and is made pursuant to 28 U.S.C. §§ 1332 and 1441(a)-(b). Diversity jurisdiction is mandatory, not discretionary. *See Cuevas v. BAC Home Loan Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011).

2.)     The notice is timely under 28 U.S.C. § 1446(b) as defendant was served with plaintiff's Petition and Summons on June 3, 2022 (hereafter referred to as "Complaint") and 30 days have not yet elapsed as of the filing of this Notice of Removal. (Ex. C).

1

3.)	Plaintiff 3200 South Grand, LLC ("3200 South Grand" or "Plaintiff") is a Missouri limited liability company and is a citizen of and has its principal place of business in that State (See Ex, A, ¶ 1; Ex. D, Missouri Secretary of State-Principal Office Address).

4.)	Defendant Great Lakes Insurance, SE is an excess and surplus lines insurer, incorporated in and having its principal place of business in Munich, Germany. Great Lakes is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX. Great Lakes is domiciled in Germany (See Ex. E; Ex. H, Affidavit of Counsel).

5.)	The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.  In its Complaint, Plaintiff alleges that it previously filed a lawsuit in the Associate Circuit Court of the City of St. Louis, Case No. 2122-AC08719 (the "underlying action") against its tenant, Café Natasha, Inc. (Ex. A ¶ 13).  It alleges that Café Natasha, Inc. subsequently filed a Counterclaim alleging negligence which purportedly caused it to incur damages (Ex. A ¶ 14; also see Ex. F, Café Natasha's Counterclaim in Case No. 2122-AC08719).   Plaintiff further alleges that Defendant Great Lakes breached its insurance contract by failing to "defend, and/or indemnify" it against the counterclaim in the underlying action and that it has "suffered damages" as a result (Ex. A ¶¶ 22, 23).

After the underlying action was filed, but before Café Natasha, Inc. filed its counterclaim, it sent a demand letter (Attached hereto as Ex. G along with attached documents) asserting that it had already incurred damages in the sum of $70,234.77.  It further asserted that it would be damaged by future expenditures in the sum of $980.00, plus an "Undetermined" amount for various other items of repair and remediation (Ex. G, Schedule of Damages pg. 2 of 2).  It further asserted that it claimed "Such Additional damages that are now undetermined, but which may be incurred, including but not limited to attorney's fees." (Ex. G, Schedule of Damages, pg. 1 of 2).

2

The alleged damages set forth above, plus the amount of attorney fees which have been, and necessarily would be incurred to defend Plaintiff 3200 South Grand in the underlying lawsuit, cause the amount in controversy herein to exceed $75,000.00.

6.) Venue is proper in the Eastern Division of this Court pursuant to Local Rule 2.07(A)(1) as the Plaintiff's state court action was filed in the City of St. Louis, Missouri, and the properties at issue are believed to be situated in the City of St. Louis, Missouri.

7.) Defendant Great Lakes has given written notice to the Plaintiff of this Notice of Removal being filed and will also file a copy of this notice with the Clerk of the Circuit Court of the City of St. Louis, Missouri, as required by 28 U.S.C. § 1446(d).

## SUGGESTIONS IN SUPPORT

### A.   The Diversity Requirement is Met

There is complete diversity between the parties.  Plaintiff 3200 South Grand is a citizen of and domiciled in Missouri (See Ex, A, ¶ 1; Ex. C).  Great Lakes Insurance SE is a citizen of and domiciled in Munich, Germany.  (See Ex. E; Ex. H, Affidavit of Counsel).

### B.   The Amount in Controversy Exceeds the Sum of $75,000

As described above, Plaintiff's Complaint alleges Defendant Great Lakes breached its insurance contract by failing to "defend, and/or indemnify" it in the underlying action and that it has "suffered damages" as a result (Ex. A ¶¶ 22, 23).  The amount in controversy requirement is designed to ensure that a dispute is sufficiently important to warrant federal attention. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 45 U.S. 546, 562, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).  "The amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Am. Family Mut. Ins. Co. v Vein Ctrs. for Excellence, Inc.,* 912 F.3d 1079, 1081 (8th Cir. 2018).  Insofar as the Plaintiff herein is asking the Court to determine that there is coverage under its insurance policy in order to establish its right to receive a defense and indemnification in

3

the underlying action, the present action is akin to a declaratory judgment action. "In a declaratory judgment action… [concerning the obligation to defend and indemnify], the amount in controversy in the declaratory judgment action ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible." *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC,* 620 F.3d 926, 931 (8th Cir. 2010).

A defendant's notice of removal need include only a plausible allegation that the amount-in-controversy requirement is met. *Pudlowski v. St. Louis Rams, LLC,* 829 F.3d 963, 964 (8th Cir. 2016). "A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Id.* When diversity jurisdiction is challenged, the defendant may show evidence of the amount in controversy by "pleading, motion, order or other paper." *Bobo v. Levin,* 2021 U.S. Dist. LEXIS 137274; 2021 WL 3128530, at *4 (E.D. Mo.  July 23, 2021), citing 28 U.S.C. § 1446(b)(3).  "The Eighth Circuit has recognized 'other papers' include 'a settlement letter or similar correspondence.'" *Id., quoting Gibson v. Clean Harbors Envtl Servs.,* 840 F.3d 515, 521 (8th Cir. 2016).

Again, the settlement letter from the defendant (counterclaimant) in the underlying action establishes that it seeks damages for the known sum of $71,214.77 ($70,234.77 + $980.00) in addition to some undetermined sum for other repair and remediation.  These underdetermined amounts plus the cost of defending the underlying action (including attorney's fees and court costs) if Plaintiff's claims herein are successful (which defendant denies) necessarily causes there to be an amount -in-controversy exceeding $75,000.00 in this matter.

    **C.**    **The Notice of Removal is Timely Filed**

Although Plaintiff originally filed its Complaint on May 10, 2022 (as shown by the docket attached hereto as Exhibit B), Plaintiff did not serve Defendant with process until June 3, 2022 (Ex. C).  Until a proper summons was served on Great Lakes, defendant had no obligation to take action, including removal to this Court.  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." (citation omitted)); *see also Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.,* 254 F.3d 753, 756 (8th Cir. 2001); *Dominick v. Midwestern Indem. Co.,* 2014 U.S. Dist. LEXIS 192733, No. 3:13-cv-05105-MDH, at * 9-10 (W.D. Mo. 2014).  This notice of removal was filed within 30 days of service and is timely.

### D.     Conclusion

The United States District Court for the Eastern District includes the county in which the state action is now pending (City of St. Louis, MO), and thus this Court is the proper venue for this action pursuant to 28 U.S.C. § 105(b)(1) and Local Rule 2.07(A)(1).  The Removing Defendant is filing written notice of this removal with the Clerk of the state court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).  Copies of the notice of filing notice of removal, together with this Notice of Removal, are being served upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

If any question arises as to the propriety of the removal of this action, the Removing Defendant requests the opportunity to brief any disputed issues and to present oral argument and additional evidence in support of its position that this case is properly removable.

Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of any of Removing Defendant's rights to assert any defense or affirmative matter, or any other procedural or substantive defense available under state or federal law.

WHEREFORE, the Removing Defendant Great Lakes Insurance, SE respectfully removes this action from the City of St. Louis, Missouri, to this Court, pursuant to 28 U.S.C. § 1441.

> Respectfully submitted,
>
> HADEN, COWHERD & BULLOCK, L.L.C.
>
> By: */s/ Philip R. Quinn*
>     Philip R. Quinn  #63180MO
>     2135 East Sunshine, Suite 203
>     Springfield, MO  65804-1899
>     (417) 883-5535  FAX:  883-5541
>     pquinn@hcblawfirm.com
>
> **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of July, 2022, a copy of the foregoing was forwarded to counsel for plaintiff via e-mail, as follows:

J. Scott Kessinger
7253 Watson Road #1044
St. Louis, MO  63119
jscottkessinger@gmail.com

                                             */s/ Philip R Quinn*
                                             Attorney of Record