IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 3200 SOUTH GRAND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-698 |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| GREAT LAKES INSURANCE, SE | ) |
| | ) |
| Defendant/Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| CAFÉ NATASHA, INC., MARITZA STOCK, AND ANNE SUEME, | ) |
| | ) |
| Third Party Defendants. | ) |

### DEFENDANT GREAT LAKES INSURANCE SE'S ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

COMES NOW, Defendant Great Lakes Insurance SE and for its Answer to Plaintiff's Complaint, its Counterclaim, and Third-Party Complaint, states as follows:

### ANSWER

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that it is an insurance company authorized to do business in the State of Missouri and is without sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore denies the same.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore, denies the same.

4. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint, and therefore, denies the same.

5. Defendant admits that it issued policy no. 20GLUK2110 to Anne Sueme and Martiza Stock on January 5, 2021, denies that Plaintiff's complaint attached the Policy's Common Policy Declarations as an exhibit, and is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 5, and therefore denies the same.

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore, denies the same.

7. Defendant states that Plaintiff's allegations in paragraph 7 are vague and ambiguous such that Defendant is without sufficient information to form a belief as to the truth of such allegations, and therefore denies the same. Defendant specifically denies that it had a duty to defend or indemnify Plaintiff with regard to the claims at issue in Plaintiff's Complaint or the underlying lawsuit.

8. Defendant is without sufficient information to form a belief as to the truth the allegations contained in paragraph 8 of Plaintiffs' Complaint, and therefore, denies the same.

9. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint, and therefore, denies the same.

10. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint, and therefore, denies the same.

11. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint, and therefore, denies the same.

12. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint, and therefore, denies the same.

13. Defendant admits that Plaintiff 3200 South Grand, LLC filed a lawsuit in the Associate Circuit Court of the City of St. Louis against Café Natasha (Case No. 2122-AC08719) on September 13, 2021, but is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13, and therefore denies the same.

14. Defendant admits that Café Natasha filed a counterclaim against Plaintiff 3200 South Grand, LLC but is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 14, and therefore denies the same.

15. Defendant admits that the counterclaim was submitted to Defendant, that a defense was refused, and that Plaintiff 3200 South Grand, LLC is not an insured under the policy, but is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies the same.

16. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies the same. Defendant specifically denies that any document was attached to Plaintiff's Complaint as an exhibit.

17. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore, denies the same.

## COUNT I

18. Defendant incorporates herein by reference its denials and responses contained in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Great Lakes Insurance SE prays to be discharged therefrom, for Judgment in its favor and against Plaintiff 3200 South Grand, LLC, for its costs and attorney fees herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

23.     Defendant incorporates herein by reference its denials and responses contained in paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant states that Plaintiff has failed to state a claim for Breach of Contract in that it has insufficiently identified the relevant provisions of the insurance policy and has failed to attach necessary documents to its pleadings.

25.     Pleading in the alternative, Defendant states that Plaintiff's claims for indemnification are not yet ripe for review in that no Judgment has been entered in the underlying action and no facts have been determined therein.

26.     Pleading in the alternative, and in further answer and by way of affirmative defense, Defendant states that Plaintiff is barred from recovery because Plaintiff is not an insured under the applicable policy of insurance.

27.     Pleading in the alternative, and in further answer and by way of affirmative defense, Defendant Great Lakes Insurance, SE pleads the applicability of the terms, conditions and exclusions set forth in the applicable insurance policy (attached hereto as Exhibit A and

incorporated herein by reference), and states that Plaintiff is not entitled to recover by reason of the same, including but not limited to the following provisions:

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

…

### SECTION I – COVERAGES

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.** **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

…

    **b.** This insurance applies to "bodily injury" and "property damage" only if:
        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
        **(3)** Prior to the policy period, no insured listed under Paragraph **1**, of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, know to have occurred by any insured listed under Paragraph **1**, of Section **II** – Wo Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes

    any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

 d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claims"

   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

…

  **j. Damage to Property**
  "Property damage" to:

   (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

…

   (4) Personal property in the care, custody, or control of the insured;

**SECTION II – WHO IS AN INSURED**

 1. If you are designated in the Declarations as:

…

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, partners, and their spouses are also insureds, but only with respect to the conduct of your business.

…

 3. Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization.

…

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

…

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

…

**SECTION V-DEFINITIONS**

**…**

4. "Coverage territory" means:
    a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

**…**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17.    "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**…**

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

…

## FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERATE PART

A.  The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

    2.  **Exclusions**

        This insurance does not apply to:

        **Fungi Or Bacteria**
        a.  "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
        b.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

        This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.
        …

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Great Lakes Insurance SE prays to be discharged therefrom, for Judgment in its favor and against Plaintiff 3200 South Grand, LLC, for its costs and attorney fees herein incurred and expended, and for such other and further relief as the Court deems just and proper.

**DEFENDANT GREAT LAKES INSURANCE SE'S COUNTERCLAIM
AND THIRD-PARTY CLAIMS FOR DECLARATORY JUDGMENT AGAINST
PLAINTIFF 3200 SOUTH GRAND, LLC,  AND THIRD-PARTY DEFENDANTS CAFÉ
NATASHA, INC., MARTIZA STOCK, AND ANNE SUEME**

COMES NOW defendant/counterclaimant/third-party plaintiff Great Lakes Insurance SE, (hereinafter "Great Lakes"), and for its Counterclaim and Third-Party Claims for Declaratory Judgment, states, alleges and avers as follows:

1. This is an action for declaratory judgment under Federal Rule 57, 28 USC 2201, and 28 U.S.C. 1332(1)(1) regarding a policy of commercial general liability insurance issued to Anne Sueme and Maritza Stock, Policy No. 20GLUCK2110, policy period of January 5, 2021 to January 5, 2022, a copy of which is attached as Exhibit A and is incorporated herein by reference.

2. This Court has diversity jurisdiction in this matter as the amount in controversy exceeds $75,000, and diversity exists.  Great Lakes is an excess and surplus lines insurer incorporated and having its principal place of business in Munich, Germany, and is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX.

3. Plaintiff/counterclaim defendant 3200 South Grand, LLC ("3200 South Grand") is a Missouri limited liability company having its principal place of business and registered office at 3453 Hawthorne Blvd, St. Louis, MO., 63104.

4. Third-party defendant Café Natasha, Inc. ("Café Natasha") is a Missouri corporation with its principal place of business and registered office located at 3539 Wyoming St., St. Louis, MO, 63118.  Café Natasha can be served through its registered agent Natasha Bahrami, 3539 Wyoming St., St. Louis, MO, 63118.  Café Natasha is a necessary party to this declaratory judgment action because it seeks recovery from 3200 South Grand through its counterclaim in the underlying lawsuit (described below), for which 3200 South Grand seeks a defense and indemnification from Great Lakes by its claims asserted herein.

5.	Third-party defendant Anne Sueme ("Sueme") is an individual who, upon information and belief, resides in St. Louis, Missouri.  Sueme can be served with process at 3453 Hawthorne, Blvd, St. Louis, Missouri, 63104.  Anne Sueme is a necessary party to this declaratory judgment action as she is a named insured under the applicable policy of insurance.

6.	Third-party defendant Maritza Stock ("Stock") is an individual who, upon information and belief, resides in St. Louis, Missouri.  Sueme can be served with process at 3453 Hawthorne, Blvd, St. Louis, Missouri, 63104.  Maritza Stock is a necessary party to this declaratory judgment action as she is a named insured under the applicable policy of insurance.

7.	Diversity jurisdiction is present as 3200 South Grand and the third-party defendants are not residents of the same country as Great Lakes (Germany) and the amount in controversy exceeds $75,000.00.  Venue is also proper in this Court as this matter was removed from the Associate Circuit Court for the City of St. Louis, Missouri, and the property at issue is located in St. Louis.

8.	3200 South Grand filed a lawsuit, having Case No. 2122-AC08719, against Café Natasha in the Associate Circuit Court for the City of St. Louis on September 13, 2021 (the "underlying lawsuit").  In the underlying lawsuit, 3200 South Grand alleged, in part, that Café Natasha failed to pay rent on property located at 3200 South Grand Blvd, St. Louis, Missouri, that was leased from 3200 South Grand (Petition in underlying lawsuit attached as Exhibit B).

9.	On October 12, 2021, Café Natasha filed a counterclaim in the underlying lawsuit alleging that 3200 South Grand was negligent in maintaining the property that it leased from 3200 South Grand causing Café Natasha to sustain damage because of a burst water pipe (Counterclaim in the underlying lawsuit is attached hereto as Exhibit C) .

10. As a result of the counterclaim, request was made on Great Lakes by 3200 South Grand for defense of the allegations. However, Great Lakes denied the request for a defense because 3200 South Grand is not an insured under the applicable policy of insurance.

11. This declaratory judgment action is proper as an actual justiciable controversy exists between the parties regarding the respective rights and obligations under the policy in Exhibit A in connection with the counterclaim in the underlying lawsuit, and resolution of matters raised in this action will dispose of the issues between the parties as to 3200 South Grand's right to a defense (and consequently, a right to indemnification) in the underlying lawsuit.

12. As more fully stated herein, for the right to a defense and coverage to be triggered under the policy issued by Great Lakes to Anne Sueme and Maritza Stock, there must be, among other requirements, a "suit" seeking damages against an insured.

13. The policy also contains a provision stating that "no person or organization is an insured with respect to the conduct of any current or past …. limited liability company that is not shown as a Named Insured in the Declarations."

14. Even if the right to a defense were triggered (which is denied), there would be an additional question as to the application of certain exclusions and endorsements.

15. The following language in the policy issued by Great Lakes is relevant to the determination of coverage:

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

…

## SECTION I – COVERAGES

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    …

    b. This insurance applies to "bodily injury" and "property damage" only if:
        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
        (3) Prior to the policy period, no insured listed under Paragraph **1**, of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, know to have occurred by any insured listed under Paragraph **1**, of Section **II** – Wo Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claims"

        (5) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
        (6) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      (7) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

…

    **j. Damage to Property**
"Property damage" to:

(2) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

…

(8) Personal property in the care, custody, or control of the insured;

**SECTION II – WHO IS AN INSURED**

2. If you are designated in the Declarations as:

…

    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b. A partnership or joint venture, you are an insured. Your members, partners, and their spouses are also insureds, but only with respect to the conduct of your business.

…

3. Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization.

…

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

…

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    b. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (4) How, when and where the "occurrence" or offense took place;
      (5) The names and addresses of any injured persons and witnesses; and
      (6) The nature and location of any injury or damage arising out of the "occurrence" or offense.

…

## SECTION V-DEFINITIONS

…

4. "Coverage territory" means:
   b. The United States of America (including its territories and possessions), Puerto Rico and Canada;

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

…

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERATE PART

B. The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

    2. **Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**
c. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
d. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.
...

17.     3200 South Grand is not an insured (either a Named Insured or by definition) under the policy.

18.     Due to the policy provisions, and the allegations from the counterclaim in the underlying lawsuit, Great Lakes seeks the following relief: 1) a determination that 3200 South Grand is not an insured under the Great Lakes policy attached as Exhibit A; 2) a determination that Great Lakes does not have a duty to defend 3200 South Grand against the counterclaim in the underlying lawsuit, and consequently, that it does not have a duty to indemnify 3200 South Grand for any judgment ultimately entered against it in the underlying lawsuit; and/or 3) even if 3200 South Grand was an insured under the policy (which is denied), the insurance "does not apply" under the terms of the policy due to prior knowledge of an insured regarding the claim, and/or Great Lakes has no obligation as to all or part of the asserted damages based on the policy provisions, conditions, and exclusions.

WHEREFORE, plaintiff Great Lakes Insurance SE respectfully prays for an order of this Court requesting a declaration from the Court as follows as to the Great Lakes policy attached as Exhibit A with regard to the underlying lawsuit;

(a) That 3200 South Grand is not an insured under the policy;

(b) The policy provides no coverage for 3200 South Grand as 3200 South Grand is not a Named Insured, is not an insured by definition, or is not an insured by reason of the language stating that "no person or organization is an insured with respect to the conduct of any current or past…limited liability company that is not shown as a Named Insured in the Declarations"; and

(b) Alternatively, the insurance "does not apply" under the terms of the policy due to prior knowledge of an insured regarding the claim; and

(c) Alternatively, that Great Lakes has no obligation as to all or part of the asserted damages in the underlying lawsuit based on the policy exclusions set forth above;

(d) To enter judgment in favor of Great Lakes given the applicable provisions, exclusions and conditions set forth in the policy attached as Exhibit A; and

(e) An award of attorney's fees, expenses and costs; and

(f) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

HADEN, COWHERD & BULLOCK, L.L.C.

By: */s/ Philip R. Quinn*
Philip R. Quinn  #63180MO
2135 East Sunshine, Suite 203
Springfield, MO  65804-1899
(417) 883-5535  FAX:  883-5541
pquinn@hcblawfirm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of July, 2022, a copy of the foregoing was filed with the Clerk of the District Court using the Missouri Electronic Filing System which sent notification of such filing to the following::

J. Scott Kessinger
7253 Watson Road #1044
St. Louis, MO  63119
jscottkessinger@gmail.com

                                               */s/ Philip R Quinn*
                                               Attorney of Record