UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| 3200 SOUTH GRAND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00698 JAR |
| | ) | |
| GREAT LAKES INSURANCE, SE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff 3200 South Grand LLC's Motion to Remand. (Doc. No. 7). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff filed this action for breach of contract against Defendant Great Lakes Insurance, SE, in the Associate Circuit Court of St. Louis City, Missouri. See 3200 South Grand, LLC v. Great Lakes Insurance, SE, Case No. 2222-AC05005 (22nd Jud. Cir.). (Doc. No. 3). Plaintiff alleges that it previously filed a lawsuit in the Associate Circuit Court of St. Louis City, Missouri against its tenant, Café Natasha, Inc. (the "Underlying Lawsuit"); that Café Natasha, Inc. filed a counterclaim for negligence against Plaintiff; and that Defendant breached its insurance contract by failing to "defend, and/or indemnify" Plaintiff against the counterclaim. Defendant removed the case to this Court on July 1, 2022 based on diversity jurisdiction. (Doc. No. 1). In its notice of removal, Defendant alleges that Plaintiff is a citizen of and domiciled in Missouri and that Defendant is a citizen of and domiciled in Munich, Germany.

1

On July 15, 2022, Plaintiff moved to remand the case to state court based on 28 U.S.C. 1332 (c)(1)(A), which provides in pertinent part that "in any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of ... every State and foreign state of which the insured shall be deemed a citizen." Plaintiff contends the case must be remanded under this provision because its claim is a "direct action" against Defendant and, therefore, Defendant must be deemed to be a citizen of Missouri where its insured is based.[1] Because Plaintiff is also a citizen of Missouri, its thinking goes, diversity is lacking and the case must be remanded to state court.

In opposition to remand, Defendant argues this is not a "direct action" because it does not involve a suit by an injured party directly against an alleged tortfeasor's insurance company without joining or first obtaining a judgment against the alleged tortfeasor/insured, citing Russell v. Liberty Ins. Underwriters, 950 F.3d 997, 1002 (8th Cir. 2020). Therefore, diversity jurisdiction exists because Defendant is a citizen of Germany and Plaintiff is a citizen of Missouri.

**Discussion**

Section 1332(c) defines a corporation's citizenship for purposes of determining diversity. It provides that a corporation is generally deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c). But § 1332(c) has an extra citizenship rule for insurance companies, that is:

> [I]n any direct action against the insurer of a policy or contract of liability insurance … to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of … every State and foreign state of which the insured is a citizen.

Id. § 1332(c)(1)(A). Section 1332(c) does not define what constitutes a direct action for purposes of the diversity determination. However, federal courts have generally construed this language

---

[1] Plaintiff does not dispute that the amount in controversy exceeds $75,000.

narrowly, applying it only to those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. See Anno., "Construction and application of 28 U.S.C.A. § 1332(c)(1), establishing citizenship of insurer in diversity action against such insurer where insured is not joined as party defendant," 119 A.L.R. Fed. 135 (Originally published in 1994). See also 7A Couch on Insurance § 107:4 (3d ed. updated 2018). Courts have generally not applied the direct action provision to cases in which the insured is the person seeking to recover under the policy of insurance. Anno., "Construction and application of 28 U.S.C.A. § 1332(c)(1), establishing citizenship of insurer in diversity action against such insurer where insured is not joined as party defendant," 119 A.L.R. Fed. 135 (Originally published in 1994). The direct action provision has also been held not to apply to actions based on alleged insurer misconduct. Id. See also Hyland v. Liberty Mut. Fire Ins. Co., 885 F.3d 482, 484-85 (7th Cir. 2018) (citing cases).

The Court is persuaded by the Eighth Circuit's recent decision in Russell v. Liberty Ins. Underwriters, 950 F.3d 997 (8th Cir. 2020). There, the Eighth Circuit addressed whether an equitable garnishment claim was a "direct action" under § 1332(c)(1). To resolve the issue, the Eighth Circuit agreed with the Fourth Circuit's recent holding in Gateway Residences at Exch., LLC v. Ill. Union Ins. Co., 917 F.3d 269 (4th Cir. 2019), that "direct action," as used in § 1332(c)(1), refers to "a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." Id. at 1001-02. The Eighth Circuit found, as the Fourth Circuit explained, that Congress created the "direct action" provision in § 1332(c)(1) in response to Wisconsin and Louisiana laws permitting claims against a tortfeasor's insurer without simultaneously suing the tortfeasor or obtaining a prior judgment against him. Id. Congress

3

took issue with how, under those laws, a plaintiff's state-law claim against a local tortfeasor's out-of-state insurer often wound up in federal court. Id. Believing that the existence of the Louisiana and Wisconsin direct action statutes did not come within the spirit or intent of the basic purposes of federal diversity jurisdiction, Congress added the proviso to § 1332(c) with the intent of eliminating from diversity jurisdiction certain tort claims in which both parties were local residents, but which under a state "direct action" statute might be brought against a foreign insurance carrier without joining the local tortfeasor as a defendant.

The instant case is not a "direct action" against Defendant within the meaning of the diversity statute. This is a breach of contract action against an insurer by its insured, not a claim by an injured third-party against an insured's liability carrier "without joining the insured or first obtaining a judgment against him." Russell, 950 F.3d at 1001-02. See also Gateway, 917 F.3d at 272; Hyland, 885 F.3d at 484–85; Kong, 750 F.3d at 1299; Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2d Cir. 1992); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901–02 (9th Cir. 1982); Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979); Henderson v. Selective Ins. Co., 369 F.2d 143, 149 (6th Cir. 1966). Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [7] is **DENIED.**

Dated this 3rd day of October, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**