**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 3200 SOUTH GRAND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00698 JAR |
| | ) | |
| GREAT LAKES INSURANCE, SE, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAFÉ NATASHA, INC., et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**CASE MANAGEMENT ORDER – TRACK 2: STANDARD**

This matter is before the Court following the parties' submission of a proposed scheduling plan. Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I.      **SCHEDULING PLAN**

1.      This case has been assigned to **Track 2 (Standard)**.

2.      All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **June 1, 2023**.

3.      Disclosure shall proceed in the following manner:

(a)      The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **January 10, 2023**.

(b)     Plaintiff shall disclose any expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **July 1, 2023**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **September 1, 2023**.

(c)     Defendant shall disclose any expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **October 1, 2023**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **December 1, 2023**.

(d)     The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(e)     Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P., are not anticipated.

(f)     The parties shall complete all discovery in this case no later than **December 15, 2023.**

(g)     Motions to compel shall be pursued in a diligent and timely manner.

4.     The parties are in agreement that this case shall not be referred to alternative dispute resolution.

5.     Any motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), must be filed no later than **December 31, 2023.** Any response shall be filed no later than **January 31, 2024**.  Any reply shall be filed no later than **February 14, 2024.**

## II.     ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **June 3, 2024 at 9:00 a.m**. This is a **2** week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.      **Stipulation:** Meet and jointly prepare and file with the Clerk a **JOINT** Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.      **Witnesses:**

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.      **Exhibits:**

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing by the time of the final pretrial conference may be considered waived.

4.     **Depositions, Interrogatory Answers, and Request for Admissions:**

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5.     **Motions in Limine**:  Parties shall file all motions in limine to exclude evidence **at least ten (10) days before the pretrial conference.**

6.     **Jury Instructions**: **At least ten (10) days prior to trial**, each party shall submit to the Court and to opposing counsel his/her/its written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of

the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

7.    **Final Pretrial Conference**:  A final pretrial conference is set for **May 30, 2024, at 1:30 p.m.** in the courtroom of the undersigned.

Dated this 29th day of December, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**